**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4668

VULCAN PIONEERS OF NEW JERSEY; GARY HOLMES; JOHN D. WEST; BRIAN
KIRKLAND; KENNETH M. DOUGLAS; SIDNEY E. MARBLE; JONATHAN
WHEELER; DORIAN HERRELL; CALVIN HUNT; NATHAN JOHNSON;
MUSTAFA ABDUL-HAQQ; KENNETH WATSON; ABNATHY ALFONSO MASON;
STANLEY MCNEIL; ARNUM  WAPPLES; THADDEOUS KENNEDY; WALTON
GRAY; ARTHUR GARRETT; TYRONE JOHNSON; CHRISTOPHER DANIELS;
SYLVESTER LEE, SR.; KARREEN HERRILL; ERIC LEE; DARREN BENJAMIN;
JOHN DOES 1-20; JACQUELINE C. JONES

UNITED CIVIL SERVANTS ASSOCIATION
(Intervenor in D.C.)

v.

THE CITY OF NEWARK; STANLEY J. KOSSUP, Former Fire Director for the City of
Newark Fire Department; EDDIE DUNHAM, Fire Director for the City of Newark Fire
Department; THE STATE OF NEW JERSEY DEPARTMENT OF PERSONNEL AND
MERIT SYSTEM BOARD; LOMACK
PLAINTIFFS / INTERVENOR DEFENDANTS

John D. West; Jacqueline C. Jones,
Appellants

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 02-cv-05802)
District Judge:  Honorable Susan D. Wigenton

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2010

Before: McKEE, BARRY and GREENBERG, Circuit Judges

(Opinion Filed: March 31, 2010)

_____

OPINION

_____

BARRY, Circuit Judge

In 2002, twenty-four firefighters and the Vulcan Pioneers of New Jersey brought claims alleging race and gender discrimination in the workplace. In this appeal, the two remaining plaintiffs, John West and Jacqueline Jones, challenge the District Court's September 9, 2008 order granting summary judgment in favor of the defendants, the City of Newark, Stanley J. Kossup, and Edward Dunham (collectively, "the City"). We will affirm.

**BACKGROUND**

John West, an African American who joined the Newark Fire Department in 1978 and retired in 2003, claims that he was subjected to mistreatment and denied a promotion because of his vocal opposition to racial discrimination within the Fire Department. Prior to his retirement, West worked as a uniformed fire prevention specialist. In 2002, supervising fire prevention specialist positions became available, and West formally placed his name "on the interested list of eligibles." (Appellants' Br. at 17.) He claims that the Fire Director, Edward Dunham, "represented to [him] that the position was now reserved for civilians and therefore West would need to retire and apply for the position

as a civilian." (*Id.*)  In July 2003, West applied for retirement, to be effective December 31, 2003.  In January 2006, the City appointed three civilians to the supervising specialist positions; however, West was not among them.[1]  He was later removed from the list at the City's request.  West appealed the decision to the Merit System Board, and on February 28, 2008, the Board issued its "final administrative action," finding that West was not coerced into retiring and that there was "a sufficient basis to remove [West's] name from the subject eligible list."  (Supp. App. at 49-51.)

In the amended complaint, West alleged the failure to promote him to captain, a claim that was dismissed by the District Court in August 2004.  He later argued to the District Court, and now argues on appeal, that he should have been promoted to supervising fire prevention specialist.  The amended complaint was never amended to include this claim, however, and the District Court found that it "is not part of this case." (App. at 16).

Jacqueline Jones, an African American woman who began her service as a firefighter with the Newark Fire Department in 1981 and retired in 2006, claims that race

---

[1]  West, in his deposition, described his anger at the three women who were promoted:

> [I]t was gender discrimination to me and whatnot, you might as well say because and whatnot, all three individuals happened to be female and all three happened to be minorities.  So it made the cities and whatnot position look with double stars in three places.  We're not only and whatnot elevating minorities, we are elevating women and whatnot into positions that traditionally they have not held.

(App. at 128.)

and gender discrimination resulted in her being denied promotional opportunities within the Department and that she was subjected to insults and other slights because she was a woman. Jones had been promoted to Captain in 1989, and claims that thereafter she was denied field position assignments and left to "linger[] in administrative and office positions." As a result, she was continuously ineligible for career advancement because of her lack of field experience. (Appellants' Br. at 21.) She also claims that while she was required to obtain a particular certification in order to sit for the battalion chief examination, Caucasian, male captains were permitted to take the examination without the same certification. Jones did take, but failed, the battalion chief examination in 2001.

On September 9, 2008, the District Court granted the City's motion for summary judgment on all claims brought by West and Jones, *i.e.* Count 1 (a claim under 42 U.S.C. § 1983); Count 2 (a claim under 42 U.S.C. § 1981; and Count 3 (a claim under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(a). Appellants timely appealed.

## JURISDICTION & STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the non-moving

party.  *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).

## DISCUSSION

### A.     West's Deficient Complaint

West argues that the District Court erred in finding that he failed to adequately allege in the amended complaint that he was discriminated against when the City did not promote him to supervising fire prevention specialist.

Rule 8(a) articulates the requirements of a civil complaint:  a short and plain statement that sets out the jurisdictional grounds, the claim or claims showing that the pleader is entitled to relief, and a demand for relief.  Fed. R. Civ. P. 8.  Although Rule 8(e) instructs that pleadings "must be construed so as to do justice," the amended complaint here makes no mention at all of West's pursuit of the supervising specialist post.  Quite to the contrary, it specifically sets out (twice) that he and others "were denied the opportunity to be promoted to *Captain* due to their race." (App. at 28, 33 (emphasis added).)

Nonetheless, West argues that his failure to be promoted to the supervising specialist position was sufficiently pled in the amended complaint.  We disagree.  The amended complaint was filed in March 2003, which was *before* West learned in July of the same year that he would not be appointed to a supervising specialist position.  He never sought leave to amend the complaint to include that particular failure to promote, with the result that, as to that claim, "the factual detail in [the] complaint is so

undeveloped that it does not provide . . . defendant[s] the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). And, of course, the numerous unsubstantiated allegations of various forms of mistreatment sprinkled throughout the amended complaint and before us fare no better. Summary judgment was properly granted.

## B. <u>Count 1: 42 U.S.C. § 1983</u>

Jones claims that (1) the City was "deliberately indifferent" to discrimination within the Fire Department, and that (2) this indifference caused her injuries. The District Court disagreed.

### 1. *Municipal Liability Under § 1983*

It is well established that a municipality is liable under § 1983 only when the plaintiff suffers a constitutional deprivation that results from an official custom or policy. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Brown v. City of Pittsburgh*, 586 F.3d 264, 292 (3d Cir. 2009). "[A] plaintiff shows that a policy existed 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). On the other hand, a custom is identified "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz*, 915 F.3d at 850.

Moreover, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

### 2. *Jones Has Not Set Forth Sufficient Evidence to Meet Her Burden*

Jones bases her claim "on Defendants' failure to act affirmatively, in that Defendants knew that discrimination policies and procedures were either inadequate or nonexistent, and still failed to implement or enforce adequate sex and race discrimination policies." (Appellants' Br. at 47.) The Fire Department had in place a 1988 sexual harassment policy that contained a procedure for addressing grievances. Jones claims, however, that it was neither adhered to nor enforced with respect to three issues.

First, regarding her allegation concerning the lack of a restroom for women, there is no evidence that this situation was a municipal policy so obviously in violation of her constitutional rights that one could reasonably find that officials were deliberately indifferent to the need for action. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Former Newark Fire Department Director Kossup testified in his deposition that while the firehouses did not have separate facilities, he did "have all of the locks changed on the bathroom doors so [Jones] could have privacy, no matter where she went." (App. at 174.) Indeed, Jones concedes that at one point, when the locks were improperly installed, "the chief came and found out, and he ordered them to change the

locks."  (*Id.* at 550.)

Jones's claims of discrimination regarding her failure to be promoted to battalion chief are similarly flawed.  There is no evidence of a custom or policy motivated by discrimination that caused her to be denied the promotion; rather, that decision was the result of a failing examination score.  Although she complains that she was assigned to non-field positions and, therefore, could not acquire the field experience deemed necessary for the battalion chief position, there is no evidence that she was given those assignments for discriminatory, rather than personnel, reasons.  Moreover, she was eventually assigned to a field position, and obtained sufficient field credit to sit for the battalion chief examination, which she failed.

Finally, Jones's claims of sexual harassment are not such that a reasonable jury could find that they resulted from an official custom or policy, or that City officials were indifferent to the need to take action.  The gender-based hostility alleged here is not alleged in the amended complaint outside the context of the restroom and promotion issues.  In any event, Jones testified that she did not complain to her superiors about off-color comments because "once you start taking things out [of the firehouse], it starts getting worse . . . ."  (*Id.* at 552.)  Nor did she avail herself of the affirmative action offices that were eventually established within the Fire Department and the City.  (*Id.* at 551, 555.)  When she did complain, she alleges only that the responses of her superiors were unhelpful.  Summary judgment was properly granted as to Count 1.

**C.    Count 2:  42 U.S.C. § 1981**

Jones argues that she established a prima facie case of discrimination as to the Fire Department's failure to promote her to battalion chief and, thus, the District Court erred in granting summary judgment on her § 1981 claim.

We apply the familiar framework set out in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  The plaintiff carries the initial burden of establishing a prima facie case, and although "the prima facie elements of a discrimination claim vary depending on the particular facts of the case," *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004), the plaintiff's task generally is to "raise[] an inference of discrimination," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  That requires showing (1) that she belongs to a protected class, (2) that she was qualified for the position at issue, (3) that she was subject to an adverse employment action, and (4) that the employer continued to seek out similarly qualified individuals to fill the position at issue under circumstances suggestive of discrimination.  *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

As the District Court concluded, Jones cannot establish the second prong of the prima facie case.  She concedes that she received a letter informing her that she failed the examination for battalion chief, and contends only that because she never saw the actual results, it is not known whether she actually passed the examination.  She does not deny that she was permitted to sit for the examination, that the score of which she was advised

was not high enough for the desired promotion, or that she has any evidence that that score was inaccurate. Summary judgment was properly granted on Count 2.

## D.  Count 3:  NJLAD Claim

Jones argues, albeit very briefly, that the District Court erred in dismissing her NJLAD claim. When analyzing NJLAD claims, "New Jersey has adopted the procedural burden-shifting methodology articulated in *McDonnell Douglas* . . . ." *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1139 (N.J. 2005). Jones again complains of the fact that she was not promoted to battalion chief and of the job assignments which allegedly prevented her from gaining the experience necessary to be eligible for that promotion, and makes a vague reference to the "history of gender based comments" that she endured. (Appellant's Br. at 43). As we have explained, the failure to promote claim fails because she quite simply did not achieve a high enough score on the examination for the position she wanted, an examination she does not itself challenge. With reference to the gender-based comments, the District Court correctly noted that, based on the amended complaint, there is "no claim for hostile work environment based on gender in this case." (App. at 19). Summary judgment was appropriately granted on Count 3.

## CONCLUSION

We will affirm the judgment of the District Court.